IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,        ) | CR 14-71-TUC-CKJ (CRP) |
|                     Plaintiff,   ) | **REPORT & RECOMMENDATION** |
| vs.                              ) | |
| Roberto Carrillo-Bastida,        ) | |
|                     Defendant.   ) | |

Defendant is representing himself with the assistance of advisory counsel. On May 28, 2014, Defendant's Motion to Suppress Evidence Pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure (Doc. 43) came on for hearing, and was continued to June 10, 2014 for the presentation of additional testimony. (Doc. 56). On June 10, 2014, the Court heard additional testimony on Defendant's Motion to Suppress. Also on June 10, 2014, the Court heard oral argument on Defendant's Motion to Dismiss Indictment Pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure (Doc. 51). The Government has filed Responses in opposition to Defendant's Motions. (Docs. 49, 59). At the hearings on Defendant's Motion to Suppress, Customs and Border Protection Officers ("CBPO") Allen Richmond and Allan Millot testified on behalf of the Government. For the following

1 reasons, the Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's Motions.[1]

**DISCUSSION**

At the time Defendant's Motions came on for hearing, Defendant was charged with attempted illegal reentry on or about December 12, 2013 at the port of entry in Nogales, Arizona, in violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C. § 1326(b)(2).[2] (Doc. 9).

**MOTION TO SUPPRESS EVIDENCE (Doc. 43)**

Defendant seeks to suppress statements he allegedly made when he attempted to enter the United States through the pedestrian entry point at the DeConcini Port of Entry in Nogales, Arizona. Defendant seeks to suppress statements made at the primary inspection point, secondary inspection point, and at the "passport control" area. At the passport control area, Defendant's formal statement was taken. Defendant contends his statements were taken in violation of the *McNabb-Mallory* rule. *See McNabb v. United States,* 318 U.S. 332

---

[1] At the conclusion of the June 10, 2014 hearing, the Magistrate Judge advised Defendant that the Magistrate Judge was going to recommend that the District Court deny Defendant's Motions, and summarized on the record the reasons for that recommendation. Defendant was also advised that he would have the opportunity to object to the Magistrate Judge's ruling after the formal Report and Recommendation issued. (Doc. 66). Thereafter, on June 19, 2014, Defendant entered a change of plea in this matter to an Information charging false statements in violation of 18 U.S.C. §1001(a)(2). (Docs. 73, 75, 76, 77). Although Defendant's plea in this matter essentially renders his Motions (Docs. 43, 51) moot, this Report and Recommendation is entered to complete the record on the matter of Defendant's Motions given that the Magistrate Judge advised that a formal Report and Recommendation would be entered. (*See* Doc. 66).

[2] The Indictment alleged:
On or about December 12, 2013, at or near Nogales, in the District of Arizona, Roberto Carrillo-Bastida, an alien, knowingly and intentionally attempted to enter the United States of America after having been denied admission, excluded, deported, and removed therefrom at or near Nogales, Arizona, on or about December 11, 2013, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326, enhanced by Title 8 United States Code, Section 1326(b)(2).
(Doc. 9).

1  (1943); *Mallory v. United States,* 354 U.S. 449 (1957). The Ninth Circuit has described the
2  current state of the *McNabb-Mallory* rule as follows:

3  Federal Rule of Criminal Procedure 5(a) requires that an arrested person be presented to a magistrate judge "without unnecessary delay." The *McNabb–Mallory* rule provides that "an arrested person's confession is inadmissible if given after an unreasonable delay in bringing him before a judge." *Corley v. United States*, 556 U.S. 303, 129 S.Ct. 1558, 1562, 173 L.Ed.2d 443 (2009). Congress modified the remedy available for violations of Rule 5(a) in 18 U.S.C. § 3501(c) by providing that statements made within six hours after an arrest cannot be excluded solely on the basis of a delay in presentment.

8  *United States v. Valenzuela-Espinoza,* 697 F.3d 742, 747 n.2 (9th Cir. 2012). At the May 28,
9  2014 and June 10, 2014 hearings on Defendant's Motion to suppress, the Government
10 conceded that it will not use in its case-in-chief, statements taken after the six-hour window
11 afforded by 18 U.S.C. § 3501(c). The Government further concedes that it will not use
12 Defendant's formal statement, which was reduced to writing, in its case-in-chief.

13 CBPO Millot testified regarding his encounter with Defendant at the pedestrian
14 primary inspection area, and CBPO Richmond testified about his interaction with Defendant
15 at the secondary inspection area. The testimony reflects that statements Defendant made at
16 the primary and secondary inspection areas fell well within the six-hour time limit. Nor does
17 the testimony reveal any basis for finding that the statements made to CBPOs Millot and
18 Richardson at primary and secondary were involuntary.

19 Given the government's concession that it will not use statements taken after six hours
20 and Defendant's formal statement in its case-in-chief, the Court recommends that
21 Defendant's Motion to Suppress be denied. The Court further recommends that Defendant's
22 statements made in the first three hours after his encounter at the Port of Entry, except for the
23 formal statement, may be introduced at trial subject to further objection at trial.

24 **MOTION TO DISMISS INDICTMENT (DOC. 51)**

25 Defendant seeks dismissal of the Indictment arguing that the government cannot show
26 the requisite specific intent for attempted reentry. Defendant maintains that he did not
27 attempt to reenter; rather, he attempted to turn himself over to authorities by reporting he was
28 in violation of his probation. Defendant also claims dismissal is necessary due to unspecified

1 irregularities in the grand jury proceedings. On June 6, 2014, the Court granted Defendant's
2 Motion for Grand Jury Transcript. (Doc. 62).

3 The Ninth Circuit has held that "the elements of the crime of attempted illegal reentry
4 into the United States under 8 U.S.C. § 1326 are: (1) the defendant had the purpose, *i.e.*,
5 conscious desire, to reenter the United States without the express consent of the Attorney
6 General; (2) the defendant committed an overt act that was a substantial step towards
7 reentering without that consent; (3) the defendant was not a citizen of the United States; (4)
8 the defendant had previously been lawfully denied admission, excluded, deported or removed
9 from the United States; and (5) the Attorney General had not consented to the defendant's
10 attempted reentry." See *United States v. Gracidas-Ulibarry,* 231 F.3d 1188, 1196 (9th Cir.
11 2000) (citations omitted). The testimony before the grand jury was that Defendant, who had
12 previously been deported, presented at the DeConcini Port of Entry claiming to be a United
13 States citizen. Defendant contends this is not the case, and that upon presenting at the Port
14 of Entry, he announced that he was in violation of his probation. Regardless of the different
15 factual version of events, the Indictment clearly cites all elements required for charging
16 illegal reentry. Any factual dispute requires resolution by a jury, and not dismissal of the
17 Indictment. As the Ninth Circuit has explained, "'[a] defendant may not properly challenge
18 an indictment, sufficient on its face, on the ground that the allegations are not supported by
19 adequate evidence.'" *United States v. Jensen,* 93 F.3d 667, 669 (9th Cir. 1996) (quoting
20 *United States v. Mann*, 517 F.2d 259, 267 (5th Cir.1975)). In sum, "'[a] motion to dismiss
21 the indictment cannot be used as a device for a summary trial of the evidence.'" *Id.* (quoting
22 *United States v. Marra*, 481 F.2d 1196, 1199-1200 (6th Cir. 1973)).

23 Likewise, although the Ninth Circuit has recognized that "the requirement of specific
24 intent for [attempted reentry]...means that to be found guilty, a defendant must have the
25 specific intent to reenter "'free from official restraint[,]'"[3] *United States v. Lombera-*

---

[3]"[I]t is clear that an alien who is under official restraint from the moment of crossing, and who never intended to avoid or change that status, cannot therefore have the necessary

- 4 -

*Valdovinos,* 429 F.3d 927, 929 (9th Cir. 2005), whether the instant Defendant was free from official restraint is a factual matter in dispute that must be resolved at trial. *See e.g., Gracidas-Ulibarry,* 231 F.3d at 1197 (finding failure to instruct jury on the intent element harmless where defendant, who had been deported the day before, lied about his name and citizenship); *see also United States v. Leos-Maldonado,* 302 F.3d 1061, (9th Cir. 2002) ("The mere fact that an alien is under official restraint does not make substantial steps toward entry impossible....It matters not whether the defendant's overt act takes the form of a surreptitious border crossing or a misrepresentation of legal status").

Finally, other than Defendant's disagreement with the facts conveyed to the grand jury, Defendant has identified no irregularities in the grand jury proceeding to support dismissal of the Indictment. Accordingly, the Defendant's Motion to Dismiss Indictment should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review, deny: (1) Defendant's Motion to Suppress Evidence Pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure (Doc. 43); and (2) Defendant's Motion to Dismiss Indictment Pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure (Doc. 51).

Pursuant to 28 U.S.C. §636(b), the parties have **fourteen (14) days** from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any Objections and Responses to Objections filed should be filed as **CR 14-71-TUC-CKJ**. No Replies shall be filed unless leave is granted from the District Court.

Defendant is advised that failure to file objections in accordance with Fed.R.Crim.P. 59 will result in waiver of the right to review. As the Court explained during the felony change of plea colloquy, by pleading guilty Defendant has given up pursuit of these Motions,

---

intent to be guilty of attempted illegal reentry." *Lombera-Valdovinos,* 429 F.3d at 930.

- 5 -

1 and in the written plea agreement, Defendant gives up his right to appeal or collaterally
2 attack the judgment and commitment order if he is sentenced consistent with the terms of the
3 plea agreement.

4       DATED this 26th day of June, 2014.

                      */s/ Charles R. Pyle*
                      CHARLES R. PYLE
                      UNITED STATES MAGISTRATE JUDGE